# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

COPY

Alias
## SUMMONS

CIVIL ACTION
NUMBER V·19·215

Estate of Brandon D. Crash
B/N/k Harry Crash and
Sheryl Crash Parents

Plaintiff (s)

vs.

Goins, Brown, Patel, Bowers,
Branson, Thomas, Dove, Sanders,
Painter, City of Cleveland

Defendant (s)

To the above-named defendant(s): DEPUTY DHAVAL PATEL

You are hereby summoned and required to serve upon John Wolfe,
plaintiff's attorney, whose address is 707 GEORGIA Avenue, Ste 302, Chttng TN 37402,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this 25 day of July, 20 19.

Shayla H. Miller
Clerk

Mitzy Hope
Deputy Clerk

---

## RETURN

I received this summons on the _____ day of _____, 20 _____.

I:

[  ] served this summons and a complaint on defendant _____ in the following manner:

_____

_____

_____

[  ] failed to serve this summons within 30 days after its issuance because: _____

_____

_____

Process Server _____

---

## NOTICE

### TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you
would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CIRCUIT-SUMMONS (3/02)

*Alias*
## SUMMONS

CIVIL ACTION
NUMBER V·19·215

*Estate of Brandon D. Grash*
*B/N/K Harry Grash and*
*Sheryl Grash parents*
Plaintiff (s)

VS.

*Goins, Brown, Patel, Bowers,*
*Branson, Thomas, Dove, Sanders,*
*Painter, City of Cleveland*
Defendant (s)

To the above-named defendant(s): *DEPUTY DHAVAL PATEL*

You are hereby summoned and required to serve upon *John Wolfe*,
plaintiff's attorney, whose address is *707 GEORGIA Avenue, Ste 302, Chttng TN 37402,*
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this *25* day of *July*, 20 *19*.

_____
Clerk

_____
Deputy Clerk

---

## RETURN

I received this summons on the _____ day of _____, 20 _____.

I:

[ ] served this summons and a complaint on defendant _____ in the following manner:

_____

_____

_____

[ ] failed to serve this summons within 30 days after its issuance because:_____

_____

_____

Process Server _____

---

## NOTICE

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CIRCUIT-SUMMONS (3/02)

ESTATE OF BRANDON D. GASH, b/n/k )
HARRY GASH and SHERYL GASH, parents, )
)
     Plaintiffs, )
)
                     V·19·215
)
Vs. )    Case No. ~~3:19-cv-140~~
)
NURSE SHEILA GOINS, )    JURY TRIAL DEMANDED
SGT. JOSH BROWN, )
DEP. DHAVAL PATEL, )
NURSE TASHA BOWERS, )
OFFICER DAVID BRANSON, )
LT. CAROL THOMAS, )
DEP. SCOTT DOVE, )
LT. ANDERSON SANDERS, )
OFFICER SAM PAINTER, )
CITY OF CLEVELAND. )
)
     Defendants

*All nine individual defendants are sued in both their individual and official capacity.
All were present in the Bradley County jail on April 19, 2018 where Brandon Gash died that
day.

## COMPLAINT

Comes the Plaintiff, by and through undersigned counsel, and would state the following:

### I.    JURISDICTION AND VENUE

This is a lawsuit filed by the next of kin of Brandon Gash, who died on April 19, 2018,

while in the custody of the Bradley County Justice Center in Cleveland, Tennessee. He and his

parents were or have been at all relevant times residents of Bradley County, Tennessee.

Bradley County, Tennessee is a municipality subject to the provisions of 42 U.S.C. 1983,

et seq. So, too, is Quality Correctional Health Care (QCHC), a corporation headquartered in the

State of Alabama, as it undertakes on a for-profit basis the traditional and core functions of the

sovereign, to wit, the provision of healthcare to those incarcerated by judicial order. It had and continues to have a major business presence inside the State of Tennessee, much of which is within Bradley County.

For the purposes of this Complaint, Bradley County and QCHC are State actors, whose agents and employees at all times acted under color of State law.

Bradley County employed Defendants Brown, Patel, Branson, Thomas, Dove, Sanders. QCHC employed Defendants Goins and Bowers. The City of Cleveland employed Sam Painter.

The Plaintiffs allegations made herein pursuant to 42 U.S.C. 1983, 1985, 1986, and 1988.

## II. FACTS

At about 1:30 a.m. on Thursday, April 19, 2018, Brandon Gash was arrested by the City of Cleveland Police Department and transported to the Bradley County Justice Center. As he approached the jail's booking area from the Sallyport, Brandon Gash was in acute medical distress. He was unable to communicate with the jail personnel, his diminished capacity clear to any objective observer. So clear, in fact, that as soon as he entered, Officer Patel noted that he could not walk, was sweating badly, was falling down, and couldn't put his hands on the wall to facilitate a search of his body. His blood pressure reading was 160/100, at a minimum.

Officer David Branson observed the same symptoms. Before 3:00 a.m., Jailer Joshua Brown saw that Mr. Gash could hardly stand and needed a chair to sit. At 2:30 a.m., Office Jacob Stephenson noted that Mr. Gash was dripping with sweat, shaking uncontrollably, and talking to himself.

At about 2:45 a.m., Gash could not respond to questions or commands, nor could he take a shower on his own. Still sweating and shaking, Brandon Gash was found in the shower room

in the same position as the jailers had left him, according to the copious notations of Jacob Stephenson. No water was running.

## III.

By about 3:00 a.m. on the morning of April 19, 2018, several of the jailers and nurses on duty had become subjectively aware of the severity of Brandon Gash's medical condition. At that time, it became incumbent upon them to provide medical care commensurate with his serious medical needs. Their failure to do so constituted cruel and inhuman punishment and thereby violated the Eighth and fourteenth Amendments to the United States Constitution.

## IV.

Since 1976, established law has consistently held that deliberate indifference to the serious medical needs of a prisoner constitutes cruel and inhuman treatment. Because such treatment implicates rights under the Eighth and Fourteenth Amendments, Plaintiffs may pursue remedies for the violation under 42 U.S.C. 1983 (Estelle v. Gamble. 429 U.S. 97).

## V.

All ten (10) defendants had a subjective appreciation of Mr. Gash's medical crisis and knew that it was serious and life-threatening. The objective signs of a pending calamity were there for all to see, warnings that would be readily apparent to a layperson.

By not making the obvious choice to call an ambulance when one could have made a difference, the Defendants evinced a collective and deliberate indifference to the health and life of Brandon Gash, who died as a result of their willful and unconscionable neglect.

The City of Cleveland has a policy, practice and custom of not transporting arrestees to a medical provider, no matter how ill or seriously sick the arrestee may be. This is but a cost-

cutting measure, one that is clearly unconstitutional, violating the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Officer Sam Painter was under official orders to carry out this unconstitutional policy and did so in this instance.

## VI. DAMAGES

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs sue the institutional Defendants jointly and severally in the sum of $5,000.000.00 as actual damages for their violations of 42 U.S.C. 1983, and for their attorney fees pursuant to the provisions of 42 U.S.C. 1988. The Plaintiffs sue the individual Defendants jointly and severally in the amount of $2,000,000.00 in actual damages as well as for $2,000,000.00 in punitive damages. Plaintiffs further demand a jury to hear the issues brought forth in this Complaint.

## VII.

The Plaintiffs ask for general relief and all other damages and awards to which the evidence in this case may prove them entitled. The continuing problems and the plethora of unending tragedy call for judicial oversight, injunctive relief, and a thorough and painstaking investigation by local, State, or Federal authorities.

Respectfully submitted,

LAW OFFICES OF JOHN M. WOLFE, JR.

John M. Wolfe, Jr.

JOHN M. WOLFE, JR / BPR No. 010319
Counsel for Plaintiffs
707 Georgia Avenue, Ste 302
Chattanooga, TN 37402
423.266.8400 Phone
423.265.8055 Fax
johnmwolfejr@comcast.net

IN THE CIRCUIT COURT FOR BRADLEY COUNTY, TENNESSEE

ESTATE OF BRANDON D. GASH, b/n/k ) 
HARRY GASH and SHERYL GASH, )
Parents, )
 )
        Plaintiffs, )
v. )                    Case No. V-19-215
 )                    JURY TRIAL DEMANDED
NURSE SHEILA GOINS, SGT. JOSH )
BROWN, DEP. DHAVAL PATEL, )
NURSE TASHA BOWERS, OFFICER )
DAVID BRANSON, LT. CAROL )
THOMAS, DEP. SCOTT DOVE, )
LT. ANDERSON SANDERS, )
OFFICER SAM PAINTER, )
CITY OF CLEVELAND, )
 )
        Defendants. )

**DEFENDANTS' NURSE SHEILA GOINS AND NURSE TASHA BOWERS NOTICE OF INTENT TO REMOVE ACTION TO FEDERAL COURT OR, IN THE ALTERNATIVE, STAY STATE ACTION PENDING THE OUTCOME OF THE FEDERAL ACTION**

        Defendants Nurse Sheila Goins and Nurse Tasha Bowers (hereinafter "Defendants")

hereby give the Court notice of their intent to remove this action to federal court on the basis that

Plaintiff's Complaint raises a federal question. Alternatively, should Defendants be unable to

remove this action, Defendants will request that this Court Stay this action pending the outcome

of Plaintiff's parallel federal action.

## I.

## PROCEDURAL HISTORY

        On April 19, 2019 Plaintiff, Estate of Brandon D. Gash, b/n/k Harry Gash and Sheryl Gash,

parents, filed an action in the United States District Court for the Eastern District of Tennessee,

Action No. 1:19-cv-00112 (hereinafter "federal Complaint"). (See federal Complaint attached as

Exhibit "A"). The federal Complaint alleges violations of 42 U.S.C. sections 1983, 1985, 1986,

and 1988 against Defendants Bradley County, Tennessee, Quality Correctional Healthcare, Gabe Thomas, and Eric Watson arising out of the alleged lack of provision of health care services to decedent while he was in custody at Bradley County Justice Center on April 19, 2018. (See Exhibit "A").

On April 22, 2019, Plaintiff filed the instant action in the Circuit Court for Bradley County (hereinafter "State Complaint"). This action, while naming different defendants, alleges the same set of facts – the failure to provide health care services to decedent while he was in custody at Bradley County Justice Center on April 19, 2018. (See State Complaint). The named individual defendants are employees of either Bradley County or Quality Correctional Health Care who are the named defendants in the federal Complaint (these defendants are named in their individual and official capacities). The Prayer for Damages in the State Complaint and the federal Complaint are identical (See Exhibit A and State Complaint).

On June 13, 2019, Defendants Nurse Sheila Goins and Nurse Tasha Bowers filed an Entry of Appearance and Notice of Acknowledgement of Service of Summons and Complaint. Counsel for Plaintiff has granted Defendants an extension of time to respond to the Complaint up to and including September 3, 2019. (See correspondence from Mr. John Wolfe, attached hereto as Exhibit "B").

## II.

## NOTICE OF INTENT TO REMOVE ACTION TO FEDERAL COURT

Defendants intend to file a motion to remove this action to federal court given that Plaintiff raises claims arising under 42 U.S.C. sections 1983, 1985, and 1986, which creates federal question jurisdiction pursuant to 28 U.S.C. § 1331. 28 U.S.C. § 1441 provides, in pertinent part:

(a) Generally.—

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Pursuant to 28 U.S.C. § 1441, Defendants will seek removal of this action.

However, removal is not yet procedurally ripe and Defendants are unable to make the motion to remove at this time. 28 U.S.C. § 1446(a)(2)(A) only allows removal to occur when all properly joined and served defendants "join in or consent to the removal." As of the date of the filing of this Notice of Intent, Defendants Goins and Bowers are the only defendants who have entered an appearance in this matter. Thus, counsel for Defendants Goins and Bowers has been unable to reach out to counsel for the other defendants, due to lack of knowledge regarding their identity, to secure their consent to the removal of this action. However, as soon as defense counsel is able to do so, this action will be immediately taken and, assuming consent is granted, a Motion to Remove will be filed. Defendants are informing the Court of their intention to do so and are deferring filing a response to Plaintiff's Complaint in the interim period in order to avoid waiver of the right to file a Motion to Remove.

### III.

### ALTERNATIVE REQUEST TO STAY STATE COURT ACTION

Should Defendants be unable to obtain the consent of the their co-defendants in this action for removal to federal court or the Motion to Remove is otherwise unsuccessful, Defendants will seek to stay the State court action pending the resolution of the federal action. Defendants seek to be relieved from the onerous burden of litigating what is essentially the same case in two forums simultaneously. Furthermore, the two duplicative actions seek a double recovery for a single injury

and the outcome of the federal action should determine what, if any, damages Plaintiff would be

entitled to in the State action.

Respectfully submitted,

**HALL BOOTH SMITH, P.C.**

JAMES E. LOOPER, JR. (#25200)
**DANIELLE S. BLAUVELT (#034951)**
Fifth Third Center
424 Church St., Ste. 2950
Nashville, TN 37219
(615) 313-9911
*Attorneys for Defendants Sheila Goins
and Tasha Bowers*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been sent via U.S. mail, first-class, postage pre-paid,
and via electronic mail, on the ___12___ day of August 2019, to the following:

John M. Wolfe, Jr.
707 Georgia Avenue, Suite 302
Chattanooga, TN 37402
johnmwolfejr@comcast.net

*Attorney for Plaintiff*

James E. Looper, Jr.
Danielle S. Blauvelt

C:\Users\lquimuyog\AppData\Local\Microsoft\Windows\Temporary
Internet Files\Content.Outlook\7KZ4GO47\Gash_ Notice of Intent to
Remove or Mtn to Stay (002).DOCX

Case 1:19-cv-00229-TAV-SKL   Document 1-2   Filed 08/14/19   Page 10 of 66   PageID #: 17

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | |
|---|---|
| **ESTATE OF BRANDON D. GASH**, b/n/k )<br>**HARRY GASH** and **SHERYL GASH**, parents, )<br> )<br>   Plaintiffs, )<br> )<br>**V.** )<br> )<br>**BRADLEY COUNTY, TENNESSEE,** )<br>**GOVERNMENT, QUALITY** )<br>**CORRECTIONAL HEALTH CARE, GABE** )<br>**THOMAS**, in his individual and official capacity, )<br>And **ERIC WATSON**, in his individual and )<br>Official capacity, )<br> )<br>   Defendants. ) | *1:19-cv-00112*<br><br>CASE NO. ~~3:19-cv-140~~<br><br>**JURY TRIAL DEMANDED** |

---

### COMPLAINT

COMES the Plaintiff, by and through undersigned counsel, and would state the following:

### I. JURISDICTION AND VENUE

This is a lawsuit filed by the next of kin of Brandon Gash, who died on April 19, 2018 while in the custody of the Bradley County Justice Center in Cleveland, Tennessee. He and his parents were or have been at all relevant times residents of Bradley County, Tennessee, which is within this Federal Judicial District.

Defendant Bradley County, Tennessee is a municipality subject to the provisions of 42 U.S.C. 1983, et seq. So, too, is Quality Correctional Health Care (QCHC), a corporation headquartered in the State of Alabama, as it undertakes on a for-profit basis the traditional and core functions of the sovereign, to wit, the provision of healthcare to those incarcerated by judicial order. It had and continues to have a major business presence inside the State of Tennessee, much of which is within this Federal Judicial District.

For the purposes of this Complaint, both Bradley County and QCHC are State actors, whose agents and employees at all times acted under color of State law.

The Plaintiffs allegations made herein pursuant to 42 U.S.C. 1983, 1985, 1986, and 1988, thus conferring Federal jurisdiction under 28 U.S.C. 1331.

## II. FACTS

At about 1:30 a.m. on Thursday, April 19, 2018, Brandon Gash was arrested by the City of Cleveland Police Department and transported to the Bradley County Justice Center. As he approached the jail's booking area from the Sallyport, Brandon Gash was in acute medical distress. He was unable to communicate with the jail personnel, his diminished capacity clear to any objective observer. So clear, in fact, that as soon as he entered, Officer Patel noted that he could not walk, was sweating badly, was falling down, and couldn't put his hands on the wall to facilitate a search of his body. His blood pressure reading was 160/100, at a minimum.

Officer David Branson observed the same symptoms. Before 3:00 a.m., Jailer Joshua Brown saw that Mr. Gash could hardly stand and needed a chair to sit. At 2:30 p.m. Officer Jacob Stephenson noted that Mr. Gash was dripping with sweat, shaking uncontrollably, and talking to himself.

At about 2:45 a.m. Gash could not respond to questions or commands, nor could he take a shower on his own. Still sweating and shaking, Brandon Gash was found in the shower room in the same position as the jailers had left him, according to the copious notations of Jacob Stephenson. No water was running.

The statements of the jailers are attached as Exhibit 1 to this Complaint.

### III.

By about 3:00 a.m. on the morning of April 19, 2018, several of the jailers and nurses on duty had become subjectively aware of the severity of Brandon Gash's medical condition. At that time, it became incumbent upon them to provide medical care commensurate with his serious medical needs. Their failure to do so constituted cruel and inhuman punishment and thereby violated the Eighth and Fourteenth Amendments to the United States Constitution.

### IV.

Since 1976, established law has consistently held that deliberate indifference to the serious medical needs of a prisoner constitutes cruel and inhuman treatment. Because such treatment implicates rights under the Eighth and Fourteenth Amendments, Plaintiffs may pursue remedies for their violation under 42 U.S.C. 1983 (Estelle v. Gamble, 429 U.S. 97).

### V.

The individual acts and omissions that led to the death of Brandon Gash did not occur in isolation. They are rooted in Bradley County's deliberate failure to fund the jail and inmate healthcare. Bradley County spokesmen have admitted publicly that the low starting pay creates a high turnover rate among the jailers.

### VI.

Much of the jail staff is inadequately trained to deal with critical healthcare situations, though the contract between Quality Correctional Health Care (QCHC) and Bradley County provides that the QCHC staff train the jailers to recognize the medical conditions and medical needs of the prisoners. Prior to April 19, 2018, such training sessions were sporadic and ineffective.

## VII.

Bradley County's executives and governing bodies made this deliberate and purposeful

decision to under-fund the jail despite Bradley County's solid economic and population growth,

its burgeoning jail population, the significant revenue it receives to hold State and Federal

prisoners, and its thriving business of selling food, phone calls, prison visits, hygiene products,

and a medley of miscellaneous items to its captive market at ridiculously high prices.

## VIII.

On the morning of April 19, 2018, the jail census far exceeded its capacity of four

hundred eight (408). Yet, on the same date, the jail was deliberately short-staffed. Under Sheriff

Watson's direction, the jail had failed a medley of inspections conducted by the Tennessee

Corrections Institute.

## IX.

In effect on April 19, 2018 was a threadbare contract that Bradley County had

negotiated with QCHC. As a bid contract, it gave QCHC every incentive to provide medical care

within the jail rather than in a hospital setting. A QCHC executive has so stated publicly. This

perverse incentive arose from the contractual clause that saddles QCHC with most of the medical

bills should an inmate be transported to the hospital for treatment of a serious condition.

## X.

Inasmuch as both institutional Defendants were fully aware that the competitive bidding

process would pare QCHC profit margins such that QCHC would labor under a disincentive to

provide adequate medical care to inmates, both institutional Defendants deliberately and

unconscionably placed inmate Brandon Gash at a heightened risk of death or serious injury,

thereby violating his rights under the Eighth and Fourteenth Amendments.

## XI.

At the time of Mr. Gash's death, it was problematic whether Bradley County would renew its contract with QCHC, whose employee morale was low, and whose turnover of employees was rapid. Its employees began scrounging for ways to cut costs so that the contract, if it expired, would end profitably.

## XII.

Before April 19, 2018, Bradley County and QCHC had for some time been aware of a multiplicity of inmate deaths within the Bradley County Jail. Yet, there was no registered nurse on duty during those hours that a clearly distraught and languishing Brandon Gash was dying. The QCHC personnel then on duty, despite their awareness of their own limitations, never summoned a medical doctor about Brandon Gash's medical crisis. These flagrant omissions occurred, despite the fact that his medical condition was visibly deteriorating right before their eyes, hour by hour. Through their deliberate indifference to his serious medical conditions, Brandon Gash perished.

## XIII.

Through their deliberate indifference to the adequate and proper hiring, staffing, training, and funding of jail and medical personnel, the institutional Defendants became the moving force that caused the death of Brandon Gash, as well as much of his pain and suffering that preceded it. The institutional Defendants, once put on notice of the serious inadequacies in the delivery of healthcare to inmates, nonetheless ignored them, having learned nothing from the spate of earlier prison deaths. Instead, they compounded these inadequacies by deliberately under-funding the jail in general, deliberately overcrowding it, often for the sake of profit, and deliberately under-funding the means of providing Constitutionally adequate prison healthcare.

## XIV.

Upon information and belief, Plaintiffs aver that Bradley County's contract in effect with Quality Correctional Health Care on April 19, 2018 contains the lowest funding to inmate ratio of any such contract in Tennessee.

## XV.

Both Defendants Watson and Thomas willfully failed to promulgate rules that would have prevented this tragedy. Past incidents of this nature, no matter how deadly, had no effect on either of them. Acting with deliberate indifference, they failed to devise plans for a coordinated response to drug overdoses afflicting incoming inmates, who in their obvious distress presented dangerous symptoms and serious medical needs. This sort of presentation by incoming prisoners is common and entirely foreseeable.

## XVI.

Watson often left the jail in a fearful neglect, willfully oblivious to its severe problems. As a distracted Sheriff of a burgeoning Tennessee County, Watson expended major official time and energies either fending off lawsuits and criminal indictments or running for reelection. While Sheriff, Watson directed substantial efforts to moonlighting as a regional car salesman or promoting his wife's bonding business, both of which profited him immensely, though each took him to the brink of illegality, if not deep into it. While Sheriff, Watson once sold used cars straight off the municipal parking lot of Benton, Tennessee. Many times, his wife attended DUI round-ups with the Sheriff, with bail receipts in hand.

## XVII.

As Sheriff, Watson never sought the level of funding necessary to bring inmate care to the minimum quality required by the United States Constitution. This omission was willful and

deliberate, and itself a violation of the Eighth and Fourteenth Amendments of the United States Constitution, one made all the more appalling since he then reigned as the highest elected law enforcement officer in Bradley County, Tennessee.

## XVIII.

Defendant Bradley County has ratified each and every of the aforementioned Constitutionally infirm acts and omissions committed by its Sheriff and his deputies, just as QCHC has done the same with the aforementioned Constitutionally infirm acts of its own healthcare providers.

## XIX.

Defendant Watson is liable under T.C.A. § 8-8-301, 302, and 303 for his own wrongful acts, his own dereliction of his duties, and the wrongdoing of his deputies in this case.

## XX. DAMAGES

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs sue the institutional Defendants jointly and severally in the sum of $5,000,000.00 as actual damages for their violations of 42 U.S.C. 1983, and for their attorney fees pursuant to the provisions of 42 U.S.C. 1988. The Plaintiffs sue the individual Defendants jointly and severally in the amount of $2,000,000.00 in actual damages as well as for $2,000,000.00 in punitive damages. Plaintiffs further demand a jury to hear the issues brought forth in this Complaint.

## XXI.

The Plaintiffs ask for general relief and all other damages and awards to which the evidence in this case may prove them entitled. The continuing problems and the plethora of unending tragedy call for judicial oversight, injunctive relief, and a thorough and painstaking investigation by local, State, or Federal authorities.

Respectfully submitted,

**LAW OFFICES OF JOHN M. WOLFE, JR.**

*s/ John M. Wolfe, Jr.*

**JOHN M. WOLFE, JR.  |  BPR No. 010319**
*Counsel for Plaintiffs*
707 Georgia Avenue, Suite 302
Chattanooga, TN 37402
423.266.8400 | Phone
423.265.8055 | Fax
johnmwolfejr@comcast.net

# Exhibit B

## Danielle Blauvelt

| | |
|---|---|
| **From:** | JOHN WOLFE <johnmwolfejr@comcast.net> |
| **Sent:** | Wednesday, July 17, 2019 10:23 AM |
| **To:** | Danielle Blauvelt; johnmwolfejr@comcast.net |
| **Cc:** | James E. Looper; Holly Copelin; Jack Noonan |
| **Subject:** | RE: Gash v. QCHC [IWOV-nashdms.FID75484] |

Thanks for initiating yesterday's call. I agree to give your clients up to and through Tuesday, September 3,  within which to answer the state court suit  we have filed in this case. That's about the time that I expect the answers of the other Defendants to arrive.

On the federal case, I agree to give you all up to and through Monday, August 19, within which to answer, which is about the time that the other Defendants will be filing their answers.

I think I agreed generally yesterday to grant an extension, but don't think we nailed down any dates.

John Wolfe (423-619-2883)

LAW OFFICES OF JOHN M. WOLFE, JR.
707 Georgia Avenue, Suite 302
Chattanooga, Tennessee 37402
Ph: (423) 266-8400
Fx: (423) 265-8055

**CONFIDENTIALITY NOTICE:** The above information is transmitted only to the above named recipient.  If the reader of this message is not the intended recipient, you are hereby notified that any distribution or copying of this communication is strictly prohibited by the sender.  If you have received this communication in error, please notify the sender immediately at the email or telephone number listed above.  Unless the recipient is already a client of the Firm, this email is not intended to create an attorney/client communication of any sort and such will not be created until we agree in writing to create such relationship.  If the recipient is a client of the Firm, this communication may be attorney/client privileged information as well as proprietary attorney work product unless determined otherwise by the client, the Firm or by any applicable law.

On July 15, 2019 at 1:34 PM Danielle Blauvelt <DBlauvelt@hallboothsmith.com> wrote:

Mr. Wolfe,

I apologize for the delay in responding, I was out of town at a meeting at the end of last week.

We are not claiming that plaintiff failed to file within the statute of limitations. Rather, it is our position that that Plaintiff failed to comply with the THCLA's requirements regarding pre-suite notice and filing a certificate of good faith. Furthermore, it is our position that the THCLA does apply in this case, even where Plaintiff is asserting federal civil rights claims, because the claims arise in the context of the provision of health care services, or the alleged lack of provision of health care services. I hope this clarifies our position for you.

**Danielle S. Blauvelt, Esq.**

**Hall Booth Smith, P.C.**

Fifth Third Center

424 Church St., Ste 2950

Nashville, TN 37219

T: 615-313-9911

D: 615-277-7042 F: 615-313-8008

dblauvelt@hallboothsmith.com

www.hallboothsmith.com

**From:** JOHN WOLFE <johnmwolfejr@comcast.net>
**Sent:** Wednesday, July 10, 2019 8:21 PM
**To:** Danielle Blauvelt <DBlauvelt@hallboothsmith.com>
**Cc:** James E. Looper <JLooper@hallboothsmith.com>; Holly Copelin <HCopelin@hallboothsmith.com>; johnmwolfejr@comcast.net; Jack Noonan <jtnoonan@go.olemiss.edu>
**Subject:** Re: Gash v. QCHC [IWOV-nashdms.FID75484]

Thanks.

Am looking forward to the call scheduled for 11:00 a.m. my time.

Meanwhile, I don't think THCLA regulates federal civil rights claims, which have a specific statute of limitations of 1 year. I think that's at T.C.A. 28-3-111, but check me on this. 42 USC 1983 does not have its own Statute of Limitations, but a federal court often follows the limitation periods of the state in which it sits.

Do you have any case precedent that supports the proposition that THCLA can condition or modify a citizen's attempt to vindicate his Constitutional rights under the Eighth Amendment?

We filed a Presuit Notice with both Bradley County and your Alabama offices to extend the statute of limitations on the state law claims. Also, we have ongoing litigation in other federal civil rights cases where medical decisions were involved; and those Defendants didn't raise the absence of a Presuit Notice (T.C.A. 29-26-121). If you want, we can name cases and courts.

Don't you think that if we'd relied on our Presuit Notice to extend the Statute of Limitations for our 42 USC 1983 action that we'd now be facing your Statute of Limitations defense based upon our failure to file our civil rights claims within 1 year?

Are you arguing that a State may condition the filing of a federal civil rights action upon the filing of a Certificate of Good Faith, as required by T.C.A. 29-26-122? That would place an onerous cost upon the Plaintiff who is seeking to vindicate his long-recognized Eighth Amendment rights.

Sincerely,

John Wolfe (423-619-2883)

LAW OFFICES OF JOHN M. WOLFE, JR.
707 Georgia Avenue, Suite 302
Chattanooga, Tennessee 37402
Ph: (423) 266-8400
Fx: (423) 265-8055

CONFIDENTIALITY NOTICE: The above information is transmitted only to the above named recipient. If the reader of this message is not the intended recipient, you are hereby notified that any distribution or copying of this communication is strictly prohibited by the sender. If you have received this communication in error, please notify the sender immediately at the email or telephone number

listed above. Unless the recipient is already a client of the Firm, this email is not intended to create an attorney/client communication of any sort and such will not be created until we agree in writing to create such relationship. If the recipient is a client of the Firm, this communication may be attorney/client privileged information as well as proprietary attorney work product unless determined otherwise by the client, the Firm or by any applicable law.

On July 10, 2019 at 1:19 PM Danielle Blauvelt <DBlauvelt@hallboothsmith.com> wrote:

Dear Mr. Wolfe,

It was a pleasure speaking with you just a few minutes ago. Thank you for agreeing to grant Defendants Nurse Sheila Goins and Nurse Tasha Bowers a 2-week extension of time to file and serve their responsive pleadings to Plaintiff's Complaint. The extension makes the responsive pleadings due July 29, 2019 by my calculation, but please let me know if you disagree regarding the due at your earliest available convenience. Once again, I thank you for your courtesy.

**Danielle S. Blauvelt, Esq.**

**Hall Booth Smith, P.C.**

**Fifth Third Center**

**424 Church St., Ste 2950**

**Nashville, TN 37219**

**T: 615-313-9911**

**D: 615-277-7042 F: 615-313-8008**

dblauvelt@hallboothsmith.com

www.hallboothsmith.com



# GEORGE N. McCOIN
### ATTORNEY AT LAW
#### 443 WORTH STREET, NW
#### CLEVELAND, TENNESSEE 37311

GEORGE N. McCOIN                                                            ERIC BROOKS
                                                                            (ASSOCIATE)

TELEPHONE: (423) 479-2157
FACSIMILE: (423) 478-5033

August 12, 2019

Bradley County General Sessions Court                    VIA FAX
Bradley County Courthouse                                (423) 476-0488
Cleveland, TN 37311
Attention: Sheila

RE:   Tennessee Valley Federal Credit Union vs. Melissa Rexroad
      Case No. 14-CV-1580

Dear Sheila:

Please be advised that Melissa Rexroad filed Chapter 7 Bankruptcy on August 12, 2019, Case Number 19-13360. Please release the garnishment against Ms. Rexroad for Tennessee Valley Federal Credit Union and return any money that was taken from her paycheck after the date of filing. Ms. Rexroad is employed with Catholic Health Initiatives, 3900 Olympic Boulevard, Erlanger, KY 41018, phone number (423) 486-4822.

Should you have any questions, please do not hesitate to call this office.

Sincerely,

Ginni Farrow
Office Manager

### CONFIDENTIALITY NOTE

The information contained in this facsimile message is legally privileged information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, or copy of this telecopy, or the information herein, is strictly prohibited. If you have received this telecopy in error, please notify us immediately, by telephone, and return the original and all copies of the message to us at the above address via the United States Postal Service. Thank you.

IN THE CIRCUIT COURT FOR BRADLEY COUNTY, TENNESSEE

| | |
|---|---|
| ESTATE OF BRANDON D. GASH, b/n/k<br>HARRY GASH and SHERYL GASH,<br>Parents,<br><br>    Plaintiffs,<br>v.<br><br>NURSE SHEILA GOINS, SGT. JOSH<br>BROWN, DEP. DHAVAL PATEL,<br>NURSE TASHA BOWERS, OFFICER<br>DAVID BRANSON, LT. CAROL<br>THOMAS, DEP. SCOTT DOVE,<br>LT. ANDERSON SANDERS,<br>OFFICER SAM PAINTER,<br>CITY OF CLEVELAND,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. V-19-215
JURY TRIAL DEMANDED

FILED 2019 AUG 13 AM 11: 24

## DEFENDANTS' NURSE SHEILA GOINS AND NURSE TASHA BOWERS NOTICE OF INTENT TO REMOVE ACTION TO FEDERAL COURT OR, IN THE ALTERNATIVE, STAY STATE ACTION PENDING THE OUTCOME OF THE FEDERAL ACTION

Defendants Nurse Sheila Goins and Nurse Tasha Bowers (hereinafter "Defendants") hereby give the Court notice of their intent to remove this action to federal court on the basis that Plaintiff's Complaint raises a federal question. Alternatively, should Defendants be unable to remove this action, Defendants will request that this Court Stay this action pending the outcome of Plaintiff's parallel federal action.

## I.

## PROCEDURAL HISTORY

On April 19, 2019 Plaintiff, Estate of Brandon D. Gash, b/n/k Harry Gash and Sheryl Gash, parents, filed an action in the United States District Court for the Eastern District of Tennessee, Action No. 1:19-cv-00112 (hereinafter "federal Complaint"). (See federal Complaint attached as Exhibit "A"). The federal Complaint alleges violations of 42 U.S.C. sections 1983, 1985, 1986,

and 1988 against Defendants Bradley County, Tennessee, Quality Correctional Healthcare, Gabe Thomas, and Eric Watson arising out of the alleged lack of provision of health care services to decedent while he was in custody at Bradley County Justice Center on April 19, 2018. (See Exhibit "A").

On April 22, 2019, Plaintiff filed the instant action in the Circuit Court for Bradley County (hereinafter "State Complaint"). This action, while naming different defendants, alleges the same set of facts – the failure to provide health care services to decedent while he was in custody at Bradley County Justice Center on April 19, 2018. (See State Complaint). The named individual defendants are employees of either Bradley County or Quality Correctional Health Care who are the named defendants in the federal Complaint (these defendants are named in their individual and official capacities). The Prayer for Damages in the State Complaint and the federal Complaint are identical (See Exhibit A and State Complaint).

On June 13, 2019, Defendants Nurse Sheila Goins and Nurse Tasha Bowers filed an Entry of Appearance and Notice of Acknowledgement of Service of Summons and Complaint. Counsel for Plaintiff has granted Defendants an extension of time to respond to the Complaint up to and including September 3, 2019. (See correspondence from Mr. John Wolfe, attached hereto as Exhibit "B").

## II.

## NOTICE OF INTENT TO REMOVE ACTION TO FEDERAL COURT

Defendants intend to file a motion to remove this action to federal court given that Plaintiff raises claims arising under 42 U.S.C. sections 1983, 1985, and 1986, which creates federal question jurisdiction pursuant to 28 U.S.C. § 1331. 28 U.S.C. § 1441 provides, in pertinent part:

(a) Generally.—

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Pursuant to 28 U.S.C. § 1441, Defendants will seek removal of this action.

However, removal is not yet procedurally ripe and Defendants are unable to make the motion to remove at this time. 28 U.S.C. § 1446(a)(2)(A) only allows removal to occur when all properly joined and served defendants "join in or consent to the removal." As of the date of the filing of this Notice of Intent, Defendants Goins and Bowers are the only defendants who have entered an appearance in this matter. Thus, counsel for Defendants Goins and Bowers has been unable to reach out to counsel for the other defendants, due to lack of knowledge regarding their identity, to secure their consent to the removal of this action. However, as soon as defense counsel is able to do so, this action will be immediately taken and, assuming consent is granted, a Motion to Remove will be filed. Defendants are informing the Court of their intention to do so and are deferring filing a response to Plaintiff's Complaint in the interim period in order to avoid waiver of the right to file a Motion to Remove.

### III.

### <u>ALTERNATIVE REQUEST TO STAY STATE COURT ACTION</u>

Should Defendants be unable to obtain the consent of the their co-defendants in this action for removal to federal court or the Motion to Remove is otherwise unsuccessful, Defendants will seek to stay the State court action pending the resolution of the federal action. Defendants seek to be relieved from the onerous burden of litigating what is essentially the same case in two forums simultaneously. Furthermore, the two duplicative actions seek a double recovery for a single injury

and the outcome of the federal action should determine what, if any, damages Plaintiff would be entitled to in the State action.

Respectfully submitted,

HALL BOOTH SMITH, P.C.

JAMES E. LOOPER, JR. (#25200)
DANIELLE S. BLAUVELT (#034951)
Fifth Third Center
424 Church St., Ste. 2950
Nashville, TN 37219
(615) 313-9911
*Attorneys for Defendants Sheila Goins
and Tasha Bowers*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been sent via U.S. mail, first-class, postage pre-paid, and via electronic mail, on the ___12___ day of August 2019, to the following:

John M. Wolfe, Jr.
707 Georgia Avenue, Suite 302
Chattanooga, TN 37402
johnmwolfejr@comcast.net

*Attorney for Plaintiff*

James E. Looper, Jr.
Danielle S. Blauvelt

C:\Users\lquimuyog\AppData\Local\Microsoft\Windows\Temporary
Internet Files\Content.Outlook\7KZ4GO47\Cash_ Notice of Intent to
Remove or Mtn to Stay (002).DOCX

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | |
|---|---|
| **ESTATE OF BRANDON D. GASH**, b/n/k ) | |
| **HARRY GASH** and **SHERYL GASH**, parents, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | *1:19-cv-00112* |
| **V.** ) | CASE NO. ~~3:19-cv-140~~ |
| ) | |
| **BRADLEY COUNTY, TENNESSEE,** ) | **JURY TRIAL DEMANDED** |
| **GOVERNMENT, QUALITY** ) | |
| **CORRECTIONAL HEALTH CARE, GABE** ) | |
| **THOMAS**, in his individual and official capacity, ) | |
| And **ERIC WATSON**, in his individual and ) | |
| Official capacity, ) | |
| ) | |
| Defendants. ) | |

---

### COMPLAINT

COMES the Plaintiff, by and through undersigned counsel, and would state the following:

### I.  JURISDICTION AND VENUE

This is a lawsuit filed by the next of kin of Brandon Gash, who died on April 19, 2018 while in the custody of the Bradley County Justice Center in Cleveland, Tennessee. He and his parents were or have been at all relevant times residents of Bradley County, Tennessee, which is within this Federal Judicial District.

Defendant Bradley County, Tennessee is a municipality subject to the provisions of 42 U.S.C. 1983, et seq. So, too, is Quality Correctional Health Care (QCHC), a corporation headquartered in the State of Alabama, as it undertakes on a for-profit basis the traditional and core functions of the sovereign, to wit, the provision of healthcare to those incarcerated by judicial order. It had and continues to have a major business presence inside the State of Tennessee, much of which is within this Federal Judicial District.

Page 1 of 8

For the purposes of this Complaint, both Bradley County and QCHC are State actors, whose agents and employees at all times acted under color of State law.

The Plaintiffs allegations made herein pursuant to 42 U.S.C. 1983, 1985, 1986, and 1988, thus conferring Federal jurisdiction under 28 U.S.C. 1331.

## II. FACTS

At about 1:30 a.m. on Thursday, April 19, 2018, Brandon Gash was arrested by the City of Cleveland Police Department and transported to the Bradley County Justice Center. As he approached the jail's booking area from the Sallyport, Brandon Gash was in acute medical distress. He was unable to communicate with the jail personnel, his diminished capacity clear to any objective observer. So clear, in fact, that as soon as he entered, Officer Patel noted that he could not walk, was sweating badly, was falling down, and couldn't put his hands on the wall to facilitate a search of his body. His blood pressure reading was 160/100, at a minimum.

Officer David Branson observed the same symptoms. Before 3:00 a.m., Jailer Joshua Brown saw that Mr. Gash could hardly stand and needed a chair to sit. At 2:30 p.m. Officer Jacob Stephenson noted that Mr. Gash was dripping with sweat, shaking uncontrollably, and talking to himself.

At about 2:45 a.m. Gash could not respond to questions or commands, nor could he take a shower on his own. Still sweating and shaking, Brandon Gash was found in the shower room in the same position as the jailers had left him, according to the copious notations of Jacob Stephenson. No water was running.

The statements of the jailers are attached as Exhibit 1 to this Complaint.

### III.

By about 3:00 a.m. on the morning of April 19, 2018, several of the jailers and nurses on duty had become subjectively aware of the severity of Brandon Gash's medical condition. At that time, it became incumbent upon them to provide medical care commensurate with his serious medical needs. Their failure to do so constituted cruel and inhuman punishment and thereby violated the Eighth and Fourteenth Amendments to the United States Constitution.

### IV.

Since 1976, established law has consistently held that deliberate indifference to the serious medical needs of a prisoner constitutes cruel and inhuman treatment. Because such treatment implicates rights under the Eighth and Fourteenth Amendments, Plaintiffs may pursue remedies for their violation under 42 U.S.C. 1983 (Estelle v. Gamble, 429 U.S. 97).

### V.

The individual acts and omissions that led to the death of Brandon Gash did not occur in isolation. They are rooted in Bradley County's deliberate failure to fund the jail and inmate healthcare. Bradley County spokesmen have admitted publicly that the low starting pay creates a high turnover rate among the jailers.

### VI.

Much of the jail staff is inadequately trained to deal with critical healthcare situations, though the contract between Quality Correctional Health Care (QCHC) and Bradley County provides that the QCHC staff train the jailers to recognize the medical conditions and medical needs of the prisoners. Prior to April 19, 2018, such training sessions were sporadic and ineffective.

## VII.

Bradley County's executives and governing bodies made this deliberate and purposeful decision to under-fund the jail despite Bradley County's solid economic and population growth, its burgeoning jail population, the significant revenue it receives to hold State and Federal prisoners, and its thriving business of selling food, phone calls, prison visits, hygiene products, and a medley of miscellaneous items to its captive market at ridiculously high prices.

## VIII.

On the morning of April 19, 2018, the jail census far exceeded its capacity of four hundred eight (408). Yet, on the same date, the jail was deliberately short-staffed. Under Sheriff Watson's direction, the jail had failed a medley of inspections conducted by the Tennessee Corrections Institute.

## IX.

In effect on April 19, 2018 was a threadbare contract that Bradley County had negotiated with QCHC. As a bid contract, it gave QCHC every incentive to provide medical care within the jail rather than in a hospital setting. A QCHC executive has so stated publicly. This perverse incentive arose from the contractual clause that saddles QCHC with most of the medical bills should an inmate be transported to the hospital for treatment of a serious condition.

## X.

Inasmuch as both institutional Defendants were fully aware that the competitive bidding process would pare QCHC profit margins such that QCHC would labor under a disincentive to provide adequate medical care to inmates, both institutional Defendants deliberately and unconscionably placed inmate Brandon Gash at a heightened risk of death or serious injury, thereby violating his rights under the Eighth and Fourteenth Amendments.

## XI.

At the time of Mr. Gash's death, it was problematic whether Bradley County would renew its contract with QCHC, whose employee morale was low, and whose turnover of employees was rapid. Its employees began scrounging for ways to cut costs so that the contract, if it expired, would end profitably.

## XII.

Before April 19, 2018, Bradley County and QCHC had for some time been aware of a multiplicity of inmate deaths within the Bradley County Jail. Yet, there was no registered nurse on duty during those hours that a clearly distraught and languishing Brandon Gash was dying. The QCHC personnel then on duty, despite their awareness of their own limitations, never summoned a medical doctor about Brandon Gash's medical crisis. These flagrant omissions occurred, despite the fact that his medical condition was visibly deteriorating right before their eyes, hour by hour. Through their deliberate indifference to his serious medical conditions, Brandon Gash perished.

## XIII.

Through their deliberate indifference to the adequate and proper hiring, staffing, training, and funding of jail and medical personnel, the institutional Defendants became the moving force that caused the death of Brandon Gash, as well as much of his pain and suffering that preceded it. The institutional Defendants, once put on notice of the serious inadequacies in the delivery of healthcare to inmates, nonetheless ignored them, having learned nothing from the spate of earlier prison deaths. Instead, they compounded these inadequacies by deliberately under-funding the jail in general, deliberately overcrowding it, often for the sake of profit, and deliberately under-funding the means of providing Constitutionally adequate prison healthcare.

## XIV.

Upon information and belief, Plaintiffs aver that Bradley County's contract in effect with Quality Correctional Health Care on April 19, 2018 contains the lowest funding to inmate ratio of any such contract in Tennessee.

## XV.

Both Defendants Watson and Thomas willfully failed to promulgate rules that would have prevented this tragedy. Past incidents of this nature, no matter how deadly, had no effect on either of them. Acting with deliberate indifference, they failed to devise plans for a coordinated response to drug overdoses afflicting incoming inmates, who in their obvious distress presented dangerous symptoms and serious medical needs. This sort of presentation by incoming prisoners is common and entirely foreseeable.

## XVI.

Watson often left the jail in a fearful neglect, willfully oblivious to its severe problems. As a distracted Sheriff of a burgeoning Tennessee County, Watson expended major official time and energies either fending off lawsuits and criminal indictments or running for reelection. While Sheriff, Watson directed substantial efforts to moonlighting as a regional car salesman or promoting his wife's bonding business, both of which profited him immensely, though each took him to the brink of illegality, if not deep into it. While Sheriff, Watson once sold used cars straight off the municipal parking lot of Benton, Tennessee. Many times, his wife attended DUI round-ups with the Sheriff, with bail receipts in hand.

## XVII.

As Sheriff, Watson never sought the level of funding necessary to bring inmate care to the minimum quality required by the United States Constitution. This omission was willful and

deliberate, and itself a violation of the Eighth and Fourteenth Amendments of the United States

Constitution, one made all the more appalling since he then reigned as the highest elected law

enforcement officer in Bradley County, Tennessee.

### XVIII.

Defendant Bradley County has ratified each and every of the aforementioned

Constitutionally infirm acts and omissions committed by its Sheriff and his deputies, just as

QCHC has done the same with the aforementioned Constitutionally infirm acts of its own

healthcare providers.

### XIX.

Defendant Watson is liable under T.C.A. § 8-8-301, 302, and 303 for his own wrongful

acts, his own dereliction of his duties, and the wrongdoing of his deputies in this case.

### XX. DAMAGES

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs sue the institutional

Defendants jointly and severally in the sum of $5,000,000.00 as actual damages for their

violations of 42 U.S.C. 1983, and for their attorney fees pursuant to the provisions of 42 U.S.C.

1988. The Plaintiffs sue the individual Defendants jointly and severally in the amount of

$2,000,000.00 in actual damages as well as for $2,000,000.00 in punitive damages. Plaintiffs

further demand a jury to hear the issues brought forth in this Complaint.

### XXI.

The Plaintiffs ask for general relief and all other damages and awards to which the

evidence in this case may prove them entitled. The continuing problems and the plethora of

unending tragedy call for judicial oversight, injunctive relief, and a thorough and painstaking

investigation by local, State, or Federal authorities.

Respectfully submitted,

**LAW OFFICES OF JOHN M. WOLFE, JR.**

*s/ John M. Wolfe, Jr.*

**JOHN M. WOLFE, JR.  |  BPR No. 010319**
*Counsel for Plaintiffs*
707 Georgia Avenue, Suite 302
Chattanooga, TN 37402
423.266.8400 | Phone
423.265.8055 | Fax
johnmwolfejr@comcast.net

# Exhibit B

## Danielle Blauvelt

| | |
|---|---|
| **From:** | JOHN WOLFE <johnmwolfejr@comcast.net> |
| **Sent:** | Wednesday, July 17, 2019 10:23 AM |
| **To:** | Danielle Blauvelt; johnmwolfejr@comcast.net |
| **Cc:** | James E. Looper; Holly Copelin; Jack Noonan |
| **Subject:** | RE: Gash v. QCHC [IWOV-nashdms.FID75484] |

Thanks for initiating yesterday's call. I agree to give your clients up to and through Tuesday, September 3, within which to answer the state court suit we have filed in this case. That's about the time that I expect the answers of the other Defendants to arrive.

On the federal case, I agree to give you all up to and through Monday, August 19, within which to answer, which is about the time that the other Defendants will be filing their answers.

I think I agreed generally yesterday to grant an extension, but don't think we nailed down any dates.

John Wolfe (423-619-2883)

LAW OFFICES OF JOHN M. WOLFE, JR.
707 Georgia Avenue, Suite 302
Chattanooga, Tennessee 37402
Ph: (423) 266-8400
Fx: (423) 265-8055

CONFIDENTIALITY NOTICE: The above information is transmitted only to the above named recipient. If the reader of this message is not the intended recipient, you are hereby notified that any distribution or copying of this communication is strictly prohibited by the sender. If you have received this communication in error, please notify the sender immediately at the email or telephone number listed above. Unless the recipient is already a client of the Firm, this email is not intended to create an attorney/client communication of any sort and such will not be created until we agree in writing to create such relationship. If the recipient is a client of the Firm, this communication may be attorney/client privileged information as well as proprietary attorney work product unless determined otherwise by the client, the Firm or by any applicable law.

On July 15, 2019 at 1:34 PM Danielle Blauvelt <DBlauvelt@hallboothsmith.com> wrote:

Mr. Wolfe,

I apologize for the delay in responding, I was out of town at a meeting at the end of last week.

We are not claiming that plaintiff failed to file within the statute of limitations. Rather, it is our position that that Plaintiff failed to comply with the THCLA's requirements regarding pre-suite notice and filing a certificate of good faith. Furthermore, it is our position that the THCLA does apply in this case, even where Plaintiff is asserting federal civil rights claims, because the claims arise in the context of the provision of health care services, or the alleged lack of provision of health care services. I hope this clarifies our position for you.

**Danielle S. Blauvelt, Esq.**

**Hall Booth Smith, P.C.**

**Fifth Third Center**

**424 Church St., Ste 2950**

**Nashville, TN 37219**

**T: 615-313-9911**

**D: 615-277-7042 F: 615-313-8008**

dblauvelt@hallboothsmith.com

www.hallboothsmith.com

**From:** JOHN WOLFE <johnmwolfejr@comcast.net>
**Sent:** Wednesday, July 10, 2019 8:21 PM
**To:** Danielle Blauvelt <DBlauvelt@hallboothsmith.com>
**Cc:** James E. Looper <JLooper@hallboothsmith.com>; Holly Copelin <HCopelin@hallboothsmith.com>; johnmwolfejr@comcast.net; Jack Noonan <jtnoonan@go.olemiss.edu>
**Subject:** Re: Gash v. QCHC [IWOV-nashdms.FID75484]

Thanks..

Am looking forward to the call scheduled for l1:00 a.m. my time.

Meanwhile, I don't think THCLA regulates federal civil rights claims, which have a specific statute of limitations of 1 year. I think that's at T.C.A. 28-3-111, but check me on this. 42 USC 1983 does not have its own Statute of Limitations, but a federal court often follows the limitation periods of the state in which it sits.

Do you have any case precedent that supports the proposition that THCLA can condition or modify a citizen's attempt to vindicate his Constitutional rights under the Eighth Amendment?

We filed a Presuit Notice with both Bradley County and your Alabama offices to extend the statute of limitations on the state law claims. Also, we have ongoing litigation in other federal civil rights cases where medical decisions were involved; and those Defendants didn't raise the absence of a Presuit Notice (T.C.A. 29-26-121). If you want, we can name cases and courts.

Don't you think that if we'd relied on our Presuit Notice to extend the Statute of Limitations for our 42 USC 1983 action that we'd now be facing your Statute of Limitations defense based upon our failure to file our civil rights claims within 1 year?

Are you arguing that a State may condition the filing of a federal civil rights action upon the filing of a Certificate of Good Faith, as required by T.C.A. 29-26-122? That would place an onerous cost upon the Plaintiff who is seeking to vindicate his long-recognized Eighth Amendment rights.

Sincerely,

John Wolfe (423-619-2883)

LAW OFFICES OF JOHN M. WOLFE, JR.
707 Georgia Avenue, Suite 302
Chattanooga, Tennessee 37402
Ph: (423) 266-8400
Fx: (423) 265-8055

CONFIDENTIALITY NOTICE: The above information is transmitted only to the above named recipient. If the reader of this message is not the intended recipient, you are hereby notified that any distribution or copying of this communication is strictly prohibited by the sender. If you have received this communication in error, please notify the sender immediately at the email or telephone number

listed above. Unless the recipient is already a client of the Firm, this email is not intended to create an attorney/client communication of any sort and such will not be created until we agree in writing to create such relationship. If the recipient is a client of the Firm, this communication may be attorney/client privileged information as well as proprietary attorney work product unless determined otherwise by the client, the Firm or by any applicable law.

On July 10, 2019 at 1:19 PM Danielle Blauvelt <DBlauvelt@hallboothsmith.com> wrote:

Dear Mr. Wolfe,

It was a pleasure speaking with you just a few minutes ago. Thank you for agreeing to grant Defendants Nurse Sheila Goins and Nurse Tasha Bowers a 2-week extension of time to file and serve their responsive pleadings to Plaintiff's Complaint. The extension makes the responsive pleadings due July 29, 2019 by my calculation, but please let me know if you disagree regarding the due at your earliest available convenience. Once again, I thank you for your courtesy.

**Danielle S. Blauvelt, Esq.**

**Hall Booth Smith, P.C.**

**Fifth Third Center**

**424 Church St., Ste 2950**

**Nashville, TN 37219**

**T: 615-313-9911**

**D: 615-277-7042 F: 615-313-8008**

dblauvelt@hallboothsmith.com

www.hallboothsmith.com



# GEORGE N. McCOIN
## ATTORNEY AT LAW
### 443 WORTH STREET, NW
### CLEVELAND, TENNESSEE 37311

GEORGE N. McCOIN                                                  ERIC BROOKS
                                                                         (ASSOCIATE)

TELEPHONE: (423) 479-2157
FACSIMILE: (423) 478-5033

August 12, 2019

Bradley County General Sessions Court           VIA FAX
Bradley County Courthouse                      (423) 476-0488
Cleveland, TN 37311
Attention: Sheila

           RE:    Tennessee Valley Federal Credit Union vs. Melissa Rexroad
                     Case No. 14-CV-1580

Dear Sheila:

      Please be advised that Melissa Rexroad filed Chapter 7 Bankruptcy on August 12, 2019, Case Number 19-13360. Please release the garnishment against Ms. Rexroad for Tennessee Valley Federal Credit Union and return any money that was taken from her paycheck after the date of filing. Ms. Rexroad is employed with Catholic Health Initiatives, 3900 Olympic Boulevard, Erlanger, KY 41018, phone number (423) 486-4822.

      Should you have any questions, please do not hesitate to call this office.

                                Sincerely,

                                Ginni Farrow
                                Office Manager

### CONFIDENTIALITY NOTE

The information contained in this facsimile message is legally privileged information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, or copy of this telecopy, or the information herein, is strictly prohibited. If you have received this telecopy in error, please notify us immediately, by telephone, and return the original and all copies of the message to us at the above address via the United States Postal Service. Thank you.

IN THE CIRCUIT COURT FOR BRADLEY COUNTY, TENNESSEE

| | |
|---|---|
| ESTATE OF BRANDON D. GASH, b/n/k<br>HARRY GASH and SHERYL GASH,<br>Parents,<br><br>    Plaintiffs,<br>v.<br><br>NURSE SHEILA GOINS, SGT. JOSH<br>BROWN, DEP. DHAVAL PATEL,<br>NURSE TASHA BOWERS, OFFICER<br>DAVID BRANSON, LT. CAROL<br>THOMAS, DEP. SCOTT DOVE,<br>LT. ANDERSON SANDERS,<br>OFFICER SAM PAINTER,<br>CITY OF CLEVELAND,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. V-19-215
JURY TRIAL DEMANDED

**ENTRY OF APPEARANCE AND ACKNOWLEDGEMENT OF
SERVICE OF SUMMONSES AND COMPLAINT**

The undersigned, as counsel for Defendants NURSE SHEILA GOINS and NURSE

TASHA BOWERS, hereby acknowledges service of the Summonses and Complaint in the above-

captioned matter and waives any further formal service of process.

The Defendants reserve any and all defenses or objections to the lawsuit.  The Defendants

shall have thirty (30) days from the date of this Acknowledgement within which to file any Answer

and/or any other responsive pleading(s) to Plaintiffs' Complaint in this action.

Respectfully submitted,

**HALL BOOTH SMITH, P.C.**

**JAMES E. LOOPER, JR. (#25200)**
**DANIELLE S. BLAUVELT (#034951)**
Fifth Third Center
424 Church St., Ste. 2950
Nashville, TN 37219
(615) 313-9911
*Attorneys for Defendants Sheila Goins*
*and Tasha Bowers*


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been sent via U.S. mail, first-class, postage pre-paid, and via electronic mail, on the _____13_____ day of June 2019, to the following:

John M. Wolfe, Jr.
707 Georgia Avenue, Suite 302
Chattanooga, TN 37402
johnmwolfejr@comcast.net

*Attorney for Plaintiffs*

James E. Looper, Jr.
Danielle S. Blauvelt

2

✱ ✱ ✱ Communication Result Report ( Jun. 12. 2019  1:58PM ) ✱ ✱ ✱

```
                                              1}
                                              2}
```

Date/Time: Jun. 12. 2019  1:57PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 2239 | Memory TX | 94724240 | P. 4 | OK | |

--------------------------------------------------------------------------------
```
Reason for error
    E. 1) Hang up or line fail            E. 2) Busy
    E. 3) No answer                       E. 4) No facsimile connection
    E. 5) Exceeded max. E-mail size       E. 6) Destination does not support IP-Fax
```

GAYLA HARRIS MILLER, CLERK OF THE COURT
155 N. OCOEE STREET, ROOM #205
PENNY EDGEMON-HOUCE, DEPUTY CLERK
CHILD SUPPORT
(423)728-7219 OFFICE // (423)476-0488 FAX

FACSIMILE TRANSMITTAL SHEET

| TO: | Rhonda Clement | FROM: | Penny Houck |
|---|---|---|---|
| ATTN: | | DATE: | 06/12/2019 |
| FAX NUMBER: | (423)472-4240 | TOTAL NO. OF PAGES INCLUDING COVER: | |
| PHONE NUMBER: | | SENDER'S REFERENCE NUMBER: | |
| RE: | | YOUR REFERENCE NUMBER: | |

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION NUMBER  V-19-215

_ESTATE OF BRANDON O._ )  VS.  _GOINS, BROWN, PATEL, BOWERS,_ )
_GASH, b/n/k HARRY GASH_ )  _BRANSON, THOMAS, DOVE, SANDERS,_ )
_AND SHERYL GASH, PARENTS_ )  _PAINTER, CITY OF CLEVELAND._ )

Plaintiff (s)　　　　　　　　　　Defendant (s)

To the above-named defendant(s):  _CITY OF CLEVELAND, TN_

　　You are hereby summoned and required to serve upon _John Wolfe, Jr._ ,
plaintiff's attorney, whose address is _707 Georgia Avenue, Ste 302, Chttng TN 37402_,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this _22_ day of _April_ , 20 _19_

_Gayla H. Miller_　　　　　　　　　_Mike Hope_
　　　　Clerk　　　　　　　　　　　　　　Deputy Clerk

## RETURN

I received this summons on the _22_ day of _April_ , 20 _19_

I:

[X] served this summons and a complaint on defendant _City of Cleveland_ in the following manner:
_talked to atty. for city John Kimball in-person,_
_who directed me to serve Sue at city mayor's office,_
_which I proceeded to do on July 17, 2019._

[ ] failed to serve this summons within 30 days after its issuance because:_____

Process Server _Atty. at Law John Wolfe, # 010319_

## NOTICE
_707 Georgia Avenue_
_Suite 302, Chttng TN_
_37402_

## TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

**STATE OF TENNESSEE**
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION
NUMBER V.19.215

_Estate of Brandon O._ )  VS.  _Goins, Brown, Patel, Bowers,_ )
_Gash, b/n/k Harry Gash_ )  _Branson, Thomas, Dove, Sanders,_ )
_and Sheryl Gash, Parents_ )  _Painter, City of Cleveland._ )

Plaintiff (s)                                    Defendant (s)

To the above-named defendant(s):  _City of Cleveland, TN_

You are hereby summoned and required to serve upon _John Wolfe, Jr._ ,
plaintiff's attorney, whose address is _707 Georgia Avenue, Ste 302, Chttng TN 37402_,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this _22_ day of _April_ , 20 _19_

_Gayla H. Miller_                                    _Mike Hope_
Clerk                                                Deputy Clerk

---

## RETURN

I received this summons on the _22_ day of _April_ , 20 _19_

I:

[X] served this summons and a complaint on defendant _City of Cleveland_ in the following manner:
_talked to atty. for city John Kimball in-person,_
_who directed me to serve Sue at city mayor's office,_
_which I proceeded to do on July 17, 2019._

[ ] failed to serve this summons within 30 days after its issuance because: _____

_Atty. at Law_
Process Server _John Wolfe, # 010319_

## NOTICE

_707 Georgia Avenue_
_Suite 302, Chttng TN_
_37402_

### TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION NUMBER V·19·215

_Estate of Brandon D. Gash, b/n/k Harry Gash and Sheryl Gash, parents_ ) VS. _Goins, Brown, Patel, Bowers, Branson, Thomas, Dove, Sanders, Painter, City of Cleveland._ )

Plaintiff (s)                          Defendant (s)

To the above-named defendant(s):  DEP. SCOTT DOVE

You are hereby summoned and required to serve upon  _John Wolfe, JR_ ,
plaintiff's attorney, whose address is _707 Georgia Avenue, Ste 302, Chatt. TN 37402_ ,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this _22_ day of _April_ 20_19_.

_Gayla H. Miller_                          _Miky Moon_
Clerk                                      Deputy Clerk

---

## RETURN

I received this summons on the _22_ day of _April_ , 20_19_ .

I:

[X] served this summons and a complaint on defendant _Scott Dove_ in the following manner:
_on July 19, 2019, in-hand, at the Bradley County Justice Center on Blythe Avenue._

[ ] failed to serve this summons within 30 days after its issuance because:_____

Process Server  _Jm Wolfe, Jr_

707 Georgia Ave. Ste. 302

## NOTICE  Chattanooga, TN 37402

### TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

**STATE OF TENNESSEE**
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION NUMBER _V·19·215_

_Estate of Brandon D. Gash, b/n/k Harry Gash and Sheryl Gash, parents_ )
Plaintiff (s)

VS.

_Goins, Brown, Patel, Bowers, Branson, Thomas, Dove, Sanders, Painter, City of Cleveland._ )
Defendant (s)

To the above-named defendant(s): _DEP. SCOTT DOVE_

You are hereby summoned and required to serve upon _John Wolfe, Jr_ plaintiff's attorney, whose address is _707 Georgia Avenue, Ste 302, Chatt. TN 37402_, a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this _22_ day of _April_ 20 _19_.

_Gayla H. Miller_
Clerk

_Mike Morrow_
Deputy Clerk

## RETURN

I received this summons on the _22_ day of _April_ , 20 _19_.

I:

[X] served this summons and a complaint on defendant _Scott Dove_ in the following manner:
_on July 19, 2019, in-hand, at the Bradley County Justice Center on Blythe Avenue._

[ ] failed to serve this summons within 30 days after its issuance because: _____

Process Server _Jm Wolfe, Jr_

_707 Georgia Ave. Ste. 302_

## NOTICE

_Chattanooga, TN 37402_

## TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION NUMBER _V.19.215_

_Estate of BRANDON D._
_GASH, b/n/k HARRY GASH_
_AND SheRYL GASH, parents_
<br>Plaintiff (s)

VS.

_GOINS, BROWN, PATEL, BOWERS,_
_BRANSON, THOMAS, DOVE, SANDERS,_
_PAINTER, CITY OF CLEVELAND._
<br>Defendant (s)

To the above-named defendant(s): _LT. ANDERSON SANDERS_

You are hereby summoned and required to serve upon _John Wolfe_, plaintiff's attorney, whose address is _707 GeoRgiA Ave. Ste 302, Chatt TN 37402_, a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this _22_ day of _April_ , 20 _19_

_Gayla H. Miller_
<br>Clerk

_Mike Floyd_
<br>Deputy Clerk

---

## RETURN

I received this summons on the _22_ day of _April_ , 20 _19_ .

I:

[X] served this summons and a complaint on defendant _Lt. Sanders, in-_ in the following manner: _in-hand; he accepted service at the BCSO offices on Blythe avenue. Done by John Wolfe, gn on July 17, 2019._

[ ] failed to serve this summons within 30 days after its issuance because: _____

_Chatting. TN 37402_
_707 Georgia Ave, Ste 302_
Process Server _John Wolfe, gn_

## NOTICE    _BOPR # 010319_

## TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

## SUMMONS

CIVIL ACTION NUMBER _V.19.215_

_Estate of BRANDON D._ ) VS. _GOINS, BROWN, PATEL, BOWERS,_ )
_GASH, b/N/K HARRY GASH_ ) _BRANSON, THOMAS, DOVE, SANDERS,_ )
_AND SHERYL GASH, PARENTS_ ) _PAINTER, CITY OF CLEVELAND._ )
Plaintiff (s) Defendant (s)

To the above-named defendant(s): _LT. ANDERSON SANDERS_

You are hereby summoned and required to serve upon _John Wolfe_ ,
plaintiff's attorney, whose address is _707 Georgia Ave. Ste 302, Chatt TN 37402_ ,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this _22_ day of _April_ , 20_19_

_Gayla H. Miller_ _Mitey Floyd_
Clerk Deputy Clerk

## RETURN

I received this summons on the _22_ day of _April_ , 20_19_ .

I:

[X] served this summons and a complaint on defendant _Lt. Sanders, in-_ in the following manner:
_in-hand; he accepted service at the_
_BCSO offices on Blythe avenue. Done by John_
_Wolfe, 8N on July 17, 2019._

[ ] failed to serve this summons within 30 days after its issuance because: _____

_Chatteng. TN 37402_
_707 Georgia Ave, Ste 302_
Process Server _John Wolfe, 8N_

## NOTICE _BOPR # 010319_

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

## STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

### SUMMONS

CIVIL ACTION NUMBER _V·19·215_

_Estate of Brandon D. Gash, b/n/k Harry Gash and Sheryl Gash, Parents._

Plaintiff (s)

VS.

_Goins, Brown, Patel, Bowers, Branson, Thomas, Dove, Sanders, Painter, City of Cleveland._

Defendant (s)

To the above-named defendant(s): _Lt. Carol Thomas_

You are hereby summoned and required to serve upon _John Wolfe, Jr_, plaintiff's attorney, whose address is _707 Georgia Ave. Ste 302, Chatt TN 37402_, a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this _22_ day of _April_ 20_19_

_Gayla H. Miller_
Clerk

_Mitzi Hagg_
Deputy Clerk

GAYLA H MILLER CIRCUIT CLERK
2019 APR 23 PM 2:10 FILED

### RETURN

I received this summons on the _17th_ day of _July_, 20_19_

I:

[✓] served this summons and a complaint on defendant _____ in the following manner:

_In Person at home address on 17th day July 2019_

[ ] failed to serve this summons within 30 days after its issuance because: _____

Process Server _____

### NOTICE

_4700 Porter Loop Birchwood Th. 5od - 54C(_

## TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

**STATE OF TENNESSEE**
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION
NUMBER  V-19-215

_Estate of Brandon_
_D. Gash, b/n/k Harry_        ) VS.
_Gash and Sheryl Gash,_       )
_Parents._                    )
    Plaintiff (s)

_Goins, Brown, Patel, Bowers,_  )
_Branson, Thomas, Dove, Sanders,_ )
_Painter, City of Cleveland._   )
    Defendant (s)

To the above-named defendant(s):  _Lt. Carol Thomas_

You are hereby summoned and required to serve upon _John Wolfe, Jr_ ,
plaintiff's attorney, whose address is _707 Georgia Ave. Ste 302, Chatt TN 37402_ ,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this _22_ day of _April_ , 20 _19_

_Gayla H. Miller_
    Clerk

_Miller_
    Deputy Clerk

## RETURN

I received this summons on the _17th_ day of _July_ , 20 _19_

I:

[✓] served this summons and a complaint on defendant _____ in the following manner:
_In Person at home address_
_on 17th day July 2019_

[ ] failed to serve this summons within 30 days after its issuance because: _____

Process Server _____

## NOTICE
_4700 Porter Loop_
_Birchwood Th._
_Sat - Sat_

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

# STATE OF TENNESSEE
## THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

### SUMMONS

CIVIL ACTION
NUMBER _V.19.215_

_Estate of Brandon Gash_ )
_B/N/K Harry Gash and_ )  VS.  _Goins, Brown, Patel, Bowers,_ )
_Sheryl Gash, parents_ )  _Branson, Thomas, Dove, Sanders,_ )
Plaintiff (s)  _Painter, City of Cleveland._ )
Defendant (s)

To the above-named defendant(s): _Officer David Branson_

You are hereby summoned and required to serve upon _John Wolfe, JR_,
plaintiff's attorney, whose address is _707 Georgia Ave. Ste 302, ChttN TN 37.402_,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this _22_ day of _April_ 20 _19_.

_____
Clerk

_____
Deputy Clerk

---

### RETURN

I received this summons on the _22_ day of _April_, 20 _19_

I:

[X] served this summons and a complaint on defendant _Branson_ in the following manner:
_in-hand at the Bradley County Justice Center_
_on July 19, 2019_

[ ] failed to serve this summons within 30 days after its issuance because:_____

_707 Georgia Ave. Ste 302._
Process Server _Jn Wolfe, Jr_

### NOTICE
_Chattanooga, TN 37402_
_(423) 266 - 8400_.

### TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you
would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION
NUMBER *V.19.215*

*ESTATE OF BRANDON GASH* )
*B/N/K HARRY GASH AND* )      VS.
*SHERYL GASH, PARENTS* )
Plaintiff (s)

*GOINS, BROWN, PATEL, BOWERS,* )
*BRANSON, THOMAS, DOVE, SANDERS,* )
*PAINTER, CITY OF CLEVELAND.* )
Defendant (s)

To the above-named defendant(s): *OFFICER DAVID BRANSON*

You are hereby summoned and required to serve upon *John Wolfe, JR* ,
plaintiff's attorney, whose address is *707 Georgia Ave. Ste 302, Chttn TN 37.402* ,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this *22* day of *April* 20 *19*

*Gayla H. Miller*
Clerk

*Mitzy Hope*
Deputy Clerk

## RETURN

I received this summons on the *22* day of *April* , 20 *19*

FILED

I:

[X] served this summons and a complaint on defendant *Branson* in the following manner:
*in-hand at the Bradley County Justice Center*
*on July 19, 2019*

[ ] failed to serve this summons within 30 days after its issuance because: _____

*Before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the*

Process Server *Bm Wolfe, Jr*

*707 Georgia Ave. Ste 302.*

## NOTICE

*Chattanooga, TN 37402*
*(423) 266 - 8400) .*

## TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION
NUMBER _V·19·215_

_ESTATE OF BRANDON D. GASH_ )
_B/N/K HARRY GASH AND_ )   VS.   _GOINS, BROWN, PATEL, BOWERS,_ )
_SHERYL GASH, parents_ )          _BRANSON, THOMAS, DOVE, SANDERS,_ )
 )                                _PAINTER, CITY OF CLEVELAND._ )
Plaintiff (s)              Defendant (s)

To the above-named defendant(s):  _SGT. JOSH BROWN_

 You are hereby summoned and required to serve upon _John Wolfe Jr._ ,
plaintiff's attorney, whose address is _707 Georgia Avenue, Ste 302, Chattanooga TN 37402._ ,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this _22_ day of _April_ , 20 _19_

_Gayla H. Miller_              _Mika Napu_
Clerk              Deputy Clerk

## RETURN

I received this summons on the _19th_ day of _July_ , 20 _19_ .

I:

[ X ] served this summons and a complaint on defendant _____ in the following manner:
_Served In Person @ POE-_
_(BCSO) on 19th July 2019_

[  ] failed to serve this summons within 30 days after its issuance because: _____

Process Server _____

## NOTICE

_4300 Porter Rd_
_Orchard TN_
_308-540_

### TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION NUMBER _V·19·215_

_ESTATE OF BRANDON D. GASH_ ) VS. _GOINS, BROWN, PATEL, BOWERS,_ )
_B/N/K HARRY GASH AND_ ) _BRANSON, THOMAS, DOVE, SANDERS_ )
_SHERYL GASH, parents_ ) _PAINTER, CITY OF CLEVELAND._ )
       Plaintiff (s)        Defendant (s)

To the above-named defendant(s): _SGT. JOSH BROWN_

      You are hereby summoned and required to serve upon _John Wolfe Jr._ ,
plaintiff's attorney, whose address is _707 Georgia Avenue, Ste 302, Chattanooga TN 37402._ ,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this _22_ day of _April_ , 20 _19_

_Gayla H. Miller_             _Mikey Hogg_
       Clerk                                           Deputy Clerk

## RETURN

I received this summons on the _19th_ day of _JULY_ , 20 _19_ .

I:

[X] served this summons and a complaint on defendant _____ in the following manner:
_Served In Person @ P.O.E._
_(BCSO) on 19th JULY 2019_

[ ] failed to serve this summons within 30 days after its issuance because: _____

Process Server _____

## NOTICE

_4300 Porter Rd_
_Ooltewah TN_
_508-540(_

### TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION
NUMBER _V·19·215_

_Estate of BRANDON O._ )   VS.   _GOINS, BROWN, PATEL, BOWERS,_ )
_GASH, b/n/k HARRY GASH_ )          _BRANSON, THOMAS, DOVE, SANDERS,_ )
_AND SHERYL GASH, PARENTS_ )        _PAINTER, CITY OF CLEVELAND._ )
Plaintiff (s)                          Defendant (s)

To the above-named defendant(s):   _CITY OF CLEVELAND, TN_

    You are hereby summoned and required to serve upon _John Wolfe, JR._ ,
plaintiff's attorney, whose address is _707 Georgia Avenue, Ste 302, Chtlng TN 37402_,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this _22_ day of _April_ , 20_19_.

_Gayla H. Miller_                                        _Mikey Hope_
Clerk                                            Deputy Clerk

---

## RETURN

I received this summons on the _____ day of _____, 20 _____.

I:

    [ ] served this summons and a complaint on defendant _____ in the following manner:

_____

_____

_____

    [ ] failed to serve this summons within 30 days after its issuance because: _____

_____

_____

Process Server _____

## NOTICE

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION
NUMBER **V-19-215**

ESTATE OF BRANDON D. GASH )    VS.    GOINS, BROWN, PATEL, BOWERS, )
B/N/K HARRY GASH AND )        BRANSON, THOMAS, DOVE, SANDERS, )
SHERYL GASH, parents. )        PAINTER, CITY OF CLEVELAND. )

Plaintiff (s)                                               Defendant (s)

To the above-named defendant(s):    DEP. DHAVAL PATEL

You are hereby summoned and required to serve upon John Wolfe, JR ,
plaintiff's attorney, whose address is 707 Georgia Avenue, 302, CHtt TN 37402 ,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this 22 day of April , 20 19.

_Gayla H. Miller_                                  _Mikey Hope_
      Clerk                                                     Deputy Clerk

## RETURN

I received this summons on the _____ day of _____, 20 _____.

I:

[ ] served this summons and a complaint on defendant _____ in the following manner:

_____

_____

_____

[ ] failed to serve this summons within 30 days after its issuance because: _____

_____

_____

Process Server _____

## NOTICE

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION
NUMBER _V.19.215_

_ESTATE OF BRANDON D._ ) VS. _GOINS, BROWN, PATEL, BOWERS,_ )
_GASH, b/N/K HARRY GASH_ ) _BRANSON, THOMAS, DOVE, SANDERS,_ )
_AND SHERYL GASH, pARENTS_ ) _PAINTER, CITY OF CLEVELAND._ )
Plaintiff (s)         Defendant (s)

To the above-named defendant(s): _OFFICER SAM PAINTER_

    You are hereby summoned and required to serve upon _John Wolfe, JR_ ,
plaintiff's attorney, whose address is _707 GEORGIA AVENUE, Ste 302, ChttNG, TN 37402_,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this _22_ day of _April_ ,20 _19_.

_Gayla H. Miller_        _Mike Hope_
Clerk              Deputy Clerk

## RETURN

I received this summons on the _22_ day of _April_ , 20 _19_.

I:

  [X] served this summons and a complaint on defendant _Mr Painter -in-hand_ in the following manner:
_in DOWNTOWN CLEVELAND, TN on Thursday_
_July 18, 2019._

  [ ] failed to serve this summons within 30 days after its issuance because:

_Jn Wolfe, Jn #0103/9_
Process Server _707 GEORGIA, Ste 302_

## NOTICE
_Chattanooga, TN 37402_

## TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
s filed before the judgment becomes final it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
runks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

Case 1:19-cv-00228-TAV-SKL  Document 1-2  Filed 08/14/19  Page 63 of 66  PageID #: 62

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION
NUMBER V.19.215

ESTATE OF BRANDON D. GASH )    VS.    GOINS, BROWN, PATEL, BOWERS, )
B/N/K HARRY GASH AND )          BRANSON, THOMAS, DOVE, SANDERS, )
SHERYL GASH, parents. )          PAINTER, CITY OF CLEVELAND. )
Plaintiff (s)                                        Defendant (s)

To the above-named defendant(s):  DEP. DHAVAL PATEL

You are hereby summoned and required to serve upon John Wolfe, JR,
plaintiff's attorney, whose address is 707 Georgia Avenue, 302, Catt TN 37402,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this 22 day of April, 20 19.

Gayla H. Miller
Clerk

Mikey Hope
Deputy Clerk

## RETURN

I received this summons on the 17 day of July, 20 19.

I:

[ ] served this summons and a complaint on defendant _____ in the following manner:

_____

_____

[X] failed to serve this summons within 30 days after its issuance because: did social media search, data base searches, inquiries with the BCSO, and went to last known putative address in East Ridge, TN unable to locate this Defendant.

Process Server _____

## NOTICE

### TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION
NUMBER _V·19·215_

_ESTATE OF BRANDON D. GASH_ ) VS. _GOINS, BROWN, PATEL, BOWERS,_ )
_B/N/K HARRY GASH AND_ ) _BRANSON, THOMAS, DOVE, SANDERS,_ )
_SHERYL GASH, parents._ ) _PAINTER, CITY OF CLEVELAND._ )
Plaintiff (s)         Defendant (s)

To the above-named defendant(s):  _DEP. DHAVAL PATEL_

You are hereby summoned and required to serve upon _John Wolfe, JR_ ,
plaintiff's attorney, whose address is _707 Georgia Avenue, 302, Chtt Tn 37402_ ,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this _22_ day of _April_ , 20 _19_ .

_Gayla H. Miller_ _____ _Mikey Hood_
    Clerk                                              Deputy Clerk

## RETURN

I received this summons on the _____ day of _____ , 20 _____ .

I:

    [ ] served this summons and a complaint on defendant _____ in the following manner:

_____

_____

_____

    [ ] failed to serve this summons within 30 days after its issuance because:_____

_____

_____

_____

Process Server _____

## NOTICE

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you
would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

## SUMMONS

CIVIL ACTION
NUMBER V·19·215

ESTATE OF BRANDON D. GASH ) VS. GOINS, BROWN, PATEL, BOWERS,  )
B/N/K HARRY GASH AND ) BRANSON, THOMAS, DOVE, SANDERS, )
SHERYL GASH, parents. ) PAINTER, CITY OF CLEVELAND. )

Plaintiff (s)                Defendant (s)

To the above-named defendant(s):  DEP. DHAVAL PATEL

You are hereby summoned and required to serve upon John Wolfe, JR                ,
plaintiff's attorney, whose address is 707 Georgia Avenue, 302, CHTT TN 37402            ,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this 22 day of April                , 20 19.

Gayla H. Miller                    Mikey Hope

Clerk                         Deputy Clerk

## RETURN

I received this summons on the 17 day of July                , 20 19.

I:

[ ] served this summons and a complaint on defendant _____ in the following manner:

_____

_____

[X] failed to serve this summons within 30 days after its issuance because: *did social media
search, data base searches, inquiries with the BCSO, and went
to last known putative address in East Ridge, TN Unable to
locate this Defendant.*

Process Server _____

## NOTICE

### TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

## SUMMONS

CIVIL ACTION
NUMBER _V·19·215_

_ESTATE OF BRANDON D. GASH_ ) VS. _GOINS, BROWN, PATEL, BOWERS,_ )
_B/N/K HARRY GASH AND_ ) _BRANSON, THOMAS, DOVE, SANDERS,_ )
_SHERYL GASH, parents._ ) _PAINTER, CITY OF CLEVELAND._ )
Plaintiff (s)                                    Defendant (s)

To the above-named defendant(s): _DEP. DHAVAL PATEL_

You are hereby summoned and required to serve upon _John Wolfe, JR_,
plaintiff's attorney, whose address is _707 Georgia Avenue, 302, Chtt TN 37402_,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this _22_ day of _April_ , 20 _19_ .

_Gayla H. Miller_                                    _Mikey Hoop_
Clerk                                                    Deputy Clerk

## RETURN

I received this summons on the _____ day of _____ , 20 _____ .

I:

[  ] served this summons and a complaint on defendant _____ in the following manner:

_____

_____

_____

[  ] failed to serve this summons within 30 days after its issuance because: _____

_____

_____

_____

Process Server _____

## NOTICE

TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you
would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CIRCUIT-SUMMONS (8/02)